IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIE JAMES WASHINGTON,

        Petitioner,

v.                                                          CIV 98-1015 LH/KBM

TIM LeMASTER, WARDEN, ET AL.,

        Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Willie James Washington's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 *(Doc. 1),* Respondent's Motion To Dismiss The Petition As Untimely And As Failing To Raise A Meritorious Claim *(Doc. 17),* and a number of other motions brought by Petitioner, including a Motion for a Preliminary Injunction and Temporary Restraining Order alleging that his parole eligibility was impermissibly extended by denying him good time credits. *(Doc. 35-1).*[1]

The Court construes the petition as raising grounds for relief under § 2254, but finds that later pleadings raise § 2241 claims. Having considered the arguments, pleadings, relevant law, and being otherwise fully advised, I find the unexhausted claims are without merit, the exhausted claims are time-barred, and the § 2241 claims raised in a recent motion are unexhausted.

---

[1] The other pending motions are his motion to hold Respondent in contempt or to compel *(Doc. 15);* motion for discovery, an evidentiary hearing, and counsel *(Doc. 28);* motion for final disposition *(Doc. 29);* and requests for a status conference and evidentiary hearing *(Docs. 36-37).*

## **Procedural Background**

Between 1992 and 1994, six indictments were returned against Petitioner. *See Answer, Exs. B-F*.[2] Upon incarceration, Petitioner sought habeas relief alleging denial of access to counsel and access to legal and writing materials in jail. The petition was summarily denied. *Ex. H-J*. His first attorney withdrew on the basis that Petitioner was uncooperative in preparing a defense and wanted his attorney to withdraw. *Ex. K*. Petitioner then requested permission to represent himself with standby counsel and more access to the law library, which was granted. *Exs. M-O*. His new counsel questioned Petitioner's competence because of certain witnesses Petitioner wanted to interview (Presidents, Governor, news media), his repeated insistence on proceeding *pro se* then retracting that position the following day, and counsel's impression that Petitioner could not distinguish between his civil rights lawsuit pending against the Albuquerque Police Department and the criminal proceedings. *Ex. R*.

In 1993, the trial judge found Petitioner incompetent to stand trial and involuntarily committed him to a mental institution for evaluation. The following year, Petitioner was found competent to stand trial. *Exs. S-T*. Immediately, Petitioner moved for permission to proceed *pro se* either alone or with a different standby counsel, and to have access to legal materials and the like. Although his requests to proceed *pro se* were initially denied, Petitioner persisted in filing motions in the trial and New Mexico Supreme Court. Following a hearing, he was granted permission to represent himself and to have scheduled access to the law library, copying privileges, writing materials, postage, free telephone calls, and copies of the grand jury tapes with

---

[2] Unless otherwise noted, citations to exhibits are those attached to Respondent's Answer. *(Doc. 16)*.

a player to listen to them. Other requests, such as a motion to interview witnesses and motion to proceed without counsel or with substitute counsel, were denied. The court would not consider any pleadings filed by Petitioner unless they were countersigned by his attorney. *See Exs. U-Z, BB-DD, FF*. On August 10, 1994, New Mexico Supreme Court denied certiorari of Petitioner's challenge to these decisions, including his asserted right to represent himself, a right to "silence" standby counsel and denial of release from custody to locate witnesses. *Exs. DD-EE*.

Trial was set for October 25, 1994. On September 20, 1994, standby counsel moved to withdraw. Two days later, Petitioner moved to have the indictments dismissed because his standby counsel was not communicating with him or preparing for trial. Substitute standby counsel was appointed for Petitioner on October 13, 1994. *Exs. AA, FF, GG*.

On October 31, 1994, Petitioner entered an *Alford* plea to certain charges contained in three of the indictments. In exchange, the other charges and indictments were dismissed. Because of a prior conviction, Petitioner was to receive an additional year of jail time under New Mexico's habitual offender statute. *See Answer, Ex. HH*. On November 4, 1994, he was sentenced to a total of nineteen years imprisonment, nine years of which were suspended, and four years of supervised probation. *Id., Ex. A*.

Within two weeks of his conviction, Petitioner filed a motion to reconsider sentence asking that he be released the following April to attend school to become a paralegal after he completed his drug counseling program and GED. *Id., Ex. JJ*. This motion was denied on November 22, 1994. *Id., Ex. KK*.

In January 1995, Petitioner began his efforts to pursue habeas corpus relief in state court. In his petition he specifically raised: (1) ineffective assistance of his standby counsel for allegedly

3

failing to challenge the ten-year old conviction used for application of the habitual offender statute, failing to object to the prosecutor's motion for an extension of time and refusing to countersign pretrial motions tendered by Petitioner; (2) denial of allocution and (3) not being provided with grand jury tapes that he claims would have revealed racial minorities were excluded from the panel. *See Id. Exs. UU, YY*. In his brief, petitioner raised the additional argument that his plea was involuntary because of erroneous advice.

These same complaints form the crux of his present petition. Though his pleadings are frequently lengthy, meandering and inartfully composed, Petitioner asserts that because he was not permitted to investigate, prepare, and represent himself and because his standby counsel would not do what he wanted, he involuntarily pleaded guilty.

The trial judge addressed all of the specific issues raised in the petition on the merits. He did not specifically address the involuntary plea argument raised in the brief. However, the catch-all phrase in the letter containing his reasoning (any issues "raised but not specifically addressed by the Court should be deemed denied") rendered that argument decided per the orders entered by August 11, 1995. *See id., Exs AAA, BBB, EEE*. Petitioner promptly filed for a writ of certiorari in the New Mexico Supreme Court, which was equally promptly denied on September 27, 1995. *See id., Exs. FFF, GGG*.

In 1997, through counsel, Petitioner pursued a motion to reconsider the denial of habeas relief raising the same grounds as he did *pro se*. *Id., Ex. NNN*. The motion was denied by the state district judge on April 16, 1998. *Id., Ex. TTT*. Two months later, Petitioner unsuccessfully pursued petitions for a writ of certiorari and mandamus in the New Mexico Supreme Court. *See id., Exs. UUU - CCCC*.

4

## The § 2241 Petition Will Be Construed As A Petition Seeking Habeas Relief Under § 2254

Washington did not file using a court form for habeas corpus relief. His self-styled petition seeks relief under 28 U.S.C. § 2241. "Petitions under § 2241 are used to attack the execution of a sentence, . . . in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence." *McIntosh v. United States Parole Comm'n,* 115 F.3d 809, 811 (10th Cir. 1997) (citations omitted). A *pro se* petitioner's characterization of his claims is not dispositive. *E.g., Roman-Nose v. New Mexico Dept. of Human Servs.,* 967 F.2d 435, 437 (10th Cir. 1992).

The grounds raised in the petition mirror those raised in state court proceedings and attack the validity of Petitioner's conviction and sentence.[3] The prior Magistrate Judge assigned this matter treated this as petition for a writ of habeas corpus under 28 U.S.C. § 2254, *see Doc 6,* and accordingly, I will construe the petition under § 2254 for the purpose of this analysis.

## The Exhausted Claims Are Untimely

For the purposes of argument, I will assume that pursuit of habeas corpus relief instead of a direct appeal prolonged the date upon which the conviction became final and will add in the period during which Petitioner could have filed for a writ of certiorari in the United States Supreme Court. Accordingly, the latest date upon which Petitioner's conviction became final was December 26, 1995.

Even with this extended period, Petitioner's conviction was final well before the effective

---

[3] Six of the nine asserted grounds for relief raised in his federal petition were brought in the state court proceedings (Claims 4-9). The three remaining new challenges (Claims 1-3) are discussed in the exhaustion analysis and do not challenge the execution of his sentence.

date of the Antiterrorism and Effective Death Penalty Act of 1996 (effective April 24, 1996). As such, under the one-year statute of limitations imposed by the Act, Petitioner's federal habeas petition was due by April 23, 1997. Petitioner filed the instant action on August 24, 1998. Unless there were further proceedings in the state courts after April 24, 1996 that qualify to toll the statute for that length of time, the petition is untimely. *See* 28 U.S.C. §§ 2244(d)(1), 2244(d)(2); *Hoggro v. Boone,* 150 F.3d 1223 (10th Cir. 1998); *United States v. Simmonds,* 111 F.3d 737, 746 (10th Cir. 1997).

Even assuming that the period during which every motion was pending counts toward tolling the one-year limitations period,[4] the federal petition would have been due by April 21, 1998, or five days after the motion to remand was denied by the state district judge. The petition was filed four months after the limitations period ran. Even including the forty-four days during which petitioner attempted to pursue further relief from the New Mexico Supreme Court still finds the federal petition filed more than two months out of time.[5] The petition is therefore

---

[4] It is doubtful that all of the motions filed between April 24, 1996 and August 24, 1998 were "properly filed" within the meaning of the federal habeas tolling statute. For example, the motions filed by counsel requesting transcripts probably would not toll the statute. *See e.g., Osborne v. Boone,* 1999 WL 203523 (10th cir. 4/12/99) (holding that attempt to obtain trial records and transcripts at public expense are not collateral proceedings, particularly where movant already had the documents). However, the Court need not reach that issue here.

[5] From 7/25/96 to 8/6/96 (counsel's motion for "free process on habeas corpus" and grant thereof, *Answer, Exs. HHH, III);* from 12/24/96 to 1/23/97 (counsel files for "free process on transcripts" and grant thereof, *id., Exs. JJJ, KKK)*; from 2/16/97 to 4/30/97 (letter re: credit for time served and restitution from inmate account and denial thereof, *Exs. LLL, MMM);* from 8/6/97 to 4/16/98 (counsel's motion to reconsider and denial thereof, *Exs NNN, SSS, TTT,* as well as other motions filed and disposed of during that same period, *id., Exs. OOO, PPP, QQQ, RRR)*.
Even though petitioner's statute ran on April 21, 1998, the Court has even added periods after that date during which petitioner sought further relief in the New Mexico Supreme Court – from 6/24/98 to 7/17/98 (application for writ of certiorari and mandamus and denial thereof, *id., Exs. UUU, VVV, WWW, XXX);* from 7/22/98 to 8/10/98 (motion for rehearing and denial thereof,

untimely under the most generous of analyses and should be dismissed.

## Petitioner's Unexhausted Claims Are Meritless

Petitioner raises three new claims for the first time in his federal petition. For comity reasons, ordinarily, habeas claims must be exhausted before a federal court will hear them. When faced with a mixed petition of exhausted and unexhausted claims, the federal habeas court can require exhaustion or can reach the merits to deny unexhausted claims. *E.g., Brown v. Shanks,* 185 F.3d 1122, 1123 (10th Cir. 1999).

Two of the claims are not grounds for granting habeas relief and are frivolous as well – that he was denied due process when it took the trial judge almost a year to hear his motion to reconsider and that the New Mexico Supreme Court was "a willing participant in joint activity with the trial judge to chill the applicant from being able to have appellant [sic] review." His final new claim, that "the court pronounced sentence of more than what applicant had agreed to in his signed [plea] agreement" is patently meritless. Petitioner contends that the "plea agreement will reflect what was signed by [Petitioner]." Indeed it does. The plea agreement signed by Petitioner, recites that there was "[n]o agreement as to sentence" and further states:

> POTENTIAL INCARCERATION: If the court accepts this agreement, the defendant may be ordered to serve a period of incarceration of up to Twenty and One-Half (20 ½) years. He may also be ordered to serve a period of probation. If the defendant later violates that probation, he may be incarcerated for the balance of the sentence. He may also be ordered to serve up to 4 years of incarceration as a habitual offender."

*Answer, Ex. HH. p. 2.* Defendant received a sentence of nineteen years, with nine suspended, for a total of ten years imprisonment and four years of supervised probation thereafter. *Id., Ex. A.*

---

*id., Exs. YYY, ZZZ, AAAA, BBBB, CCCC).*

He received no more than what he could have expected pursuant to the plea agreement.

Because the petition is both time-barred and the claims are meritless, no comity purposes would be served by requiring Petitioner to return to state court at this juncture. Judicial efficiency for the state and federal courts warrants dismissal of these three claims on the merits.

## Petitioner's § 2241 Claim Is Unexhausted

In his motion for injunctive relief, Petitioner claims that he is being held past his original sentencing date and that prison officials misapplied good time credits, extending his next parole eligibility date.[6] The first contention is without merit. He was sentenced to ten years in 1994. The sentence has not yet elapsed.

The records show that Petitioner's present complaint about good time credits arises out of a decision made on July 24, 1999. *See Letter from Willie James Washington to RDC-CNMCF Classification Director (7/3/99); Memorandum from Ross E. Duran Re: Projected Parole Date (6/24/99).* Even though § 2241 does not have an explicit exhaustion requirement, the Tenth Circuit requires that claims for restoration of good time credits be exhausted in the state system before resort to federal court. *E.g., Duncan v. Gunter,* 15 F.3d 989, 991 (10th Cir. 1994); *see also Cooper v. Schear,* 1999 WL 14047 (10th Cir. 1/15/99).

Although it is not clear from his pleading, Petitioner may also be attempting to raise a good time credit restoration claim that was earlier brought in state court along with many other claims (racial discrimination, physical assault, excessive force, denial of medical care, retaliation, etc.). The action was removed to federal court and was subsequently remanded. *See Washington v. Williams,* CIV 98-995 JC/RLP (Order of Remand, Doc. 29). That case is apparently still

---

[6] He also raises the plea agreement/sentence argument rejected above.

pending in the state court system. *See Motion for Reconsideration of July 15, 1999 Hearing, Washington v. Williams, D-1314CV-98-468 (filed 8/3/99).* Accordingly, this claim should be dismissed without prejudice.[7]

### Petitioner's Moot Motions

Petitioner filed a Motion to Hold Respondent In Contempt And/Or To Compel Disclosure *(Doc. 15)* contending that Respondents failed to file a timely answer to the petition as required. However, Respondents' motion for an extension was granted the same day as Petitioner filed his motion and, accordingly, the motion should be denied as moot. The recommendations contained herein will also moot his Motion for Final Disposition *(Doc. 29),* Motion for Discovery, Evidentiary Hearing and Counsel *(Doc. 28),* and his Request for a Status Conference and Evidentiary Hearing *(Docs. 36-37).*

Wherefore,

**IT IS HEREBY RECOMMENDED THAT:**

1. Respondents' Motion to Dismiss *(Doc. 17-1)* be granted;

2. The petition be dismissed as untimely as to the exhausted claims and dismissed on the merits as to the exhausted claims, and such dismissal should be with prejudice;

3. Petitioner's Motion for Injunctive Relief and a Temporary Restraining Order *(Doc. 35-1, 35-2)* be denied;

4. Petitioner's restoration of good time credits claim should be dismissed without prejudice for failure to exhaust; and

5. Petitioner's remaining motions (*Docs. 15-1, 15-2, 28, 29, 36, 37)* be denied as

---

[7] It further appears that Petitioner may have been recently released from prison. On October 28, 1999, Washington filed a notice of address change listing an address for an apartment in Albuquerque. Because the Section 2241 claim is in the state court, I will not address any impact of his release from custody on the continued viability of that claim.

moot.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the District Court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE